OPINION
{¶ 1} Defendant-appellant, Sherry A. Lipstreu, appeals her sentence in the Ashtabula County Court of Common Pleas following the entry of a guilty plea. Due to the Ohio Supreme Court's decision in State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, we reverse the sentence imposed by the court below and remand this matter for resentencing.
 {¶ 2} On March 4, 2005, Lipstreu entered guilty pleas to one count of assault on a police officer, a felony of the fourth degree in violation of R.C. 2903.13, one count of escape, a felony of the fifth degree in violation of R.C. 2921.34, and one count of vandalism, a felony of the fifth degree in violation of R.C. 2909.05. The statutory sentencing range of prison terms for a fourth degree felony is between six and eighteen months, and for a fifth degree felony, between six and twelve months. R.C.2929.14(A)(4) and (5).
 {¶ 3} On May 26, 2005, following a sentencing hearing, the trial court sentenced Lipstreu to serve a twelve month prison term for assault on a police officer, a ten month prison term for escape, and a ten month prison term for vandalism; all sentences to be served concurrently. The court found that Lipsreu had not previously served time in prison for a criminal offense and, in accordance with R.C. 2929.14(B), that the shortest prison term would demean the seriousness of her conduct and would not be sufficient to deter others. From this judgment, Lipstreu timely appeals.
 {¶ 4} Lipstreu raises the following assignments of error:
 {¶ 5} "[1.] The trial court below abused its discretion when it gave appellant a prison sentence that is longer than the statutory minimum penalty for what she plead guilty to.
 {¶ 6} "[2.] Appellant's constitutional rights were violated when she was given a sentence based upon findings of fact that were neither agreed to by counsel nor found by a jury."
 {¶ 7} We first consider Lipstreu's second assignment of error, which is dispositive of the appeal. Under the second assignment of error, Lipstreu argues that the imposition of sentences greater than the statutory minimum sentence for offenders who have not previously served prison terms violates her Sixth Amendment rights to trial by jury under the United States Supreme Court decisions in Apprendi v. New Jersey
(2000), 530 U.S. 466, and Blakely v. Washington (2004),542 U.S. 296.
 {¶ 8} In State v. Foster, the Ohio Supreme Court held that R.C. 2929.14(B), providing that "the shortest prison term authorized" by statute for an offense must be imposed on offenders not having previously served a prison term, unless the sentencing court makes certain "findings," is unconstitutional.2006-Ohio-856, at paragraph one of the syllabus. The Supreme Court further held that R.C. 2929.14(B) is severable from R.C. Chapter 2929, governing felony sentencing. Id. at paragraph two of the syllabus. "After the severance, judicial factfinding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. Lipstreu's second assignment of error has merit.
 {¶ 9} In Foster, the Supreme Court held that sentences exceeding the statutory minimum, based on the constitutionally valid R.C. 2929.14(B), were void. Id. at ¶ 103. The proper course to follow in this situation "is to vacate that sentence and remand to the trial court for a new sentencing hearing." Id. Accordingly, Lipstreu is entitled to a new sentencing hearing. At this hearing, Lipstreu "may stipulate to the sentencing court acting on the record before it." Id. at ¶ 105. Lipstreu may also argue for a reduction in her sentence, just as the state may now seek to increase the penalty. Id.
 {¶ 10} In her first assignment of error, Lipstreu argues that the trial court failed to state on the record its reason for imposing a greater-than-minimum sentence on Lipstreu, who had not previously served a prison sentence. In light of the fact that Lipstreu's sentence is void under Foster, this assignment of error is rendered moot.
 {¶ 11} We reverse the judgment entry of sentence of the Ashtabula County Court of Common Pleas and remand for proceedings in light of the "remedial severance and interpretation of Ohio's felony sentencing statutes," as explained in Foster. Id. at ¶ 107. Under this remedy, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
Ford, P.J., Rice, J., concur.